IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CRAIG LAMARIO MOSLEY                                                                    PETITIONER
REG. #21362-009

V.                                            NO.  2:05CV00089 JWC

LINDA SANDERS, Warden,                                                                RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Craig Lamario Mosley, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1).  Respondent has filed a motion to dismiss (docket entry #3), and Petitioner has replied (docket entry #5).  For the reasons that follow, the petition must be dismissed.[1]

The procedural history is undisputed.  Following a jury trial in the United States District Court for the Eastern District of Texas, Petitioner was convicted of conspiring to possess controlled substances (cocaine, methamphetamine and marijuana), in violation of 21 U.S.C. § 846.  As a result of this conviction, judgment was entered and he was sentenced, on October 2, 1998, to 240 months of imprisonment followed by ten years of supervised release.  Petitioner says he challenged, in a direct appeal, the sufficiency of the evidence and the amount of drugs found attributable to him. The Fifth Circuit Court of Appeals affirmed his conviction and sentence, and the United States Supreme Court denied his petition for a writ of certiorari.  United States v. Hernandez, 260 F.3d 621 (table) (5th Cir.), cert. denied sub nom. Mosley v. United States, 534 U.S. 939 (2001).

---

[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge (docket entry #6).

On February 21, 2002, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction was obtained as a direct result of the government's failure to produce certain documents, in violation of Brady v. Maryland, 373 U.S. 83 (1963). (See Resp't Ex. 2, 3.)[2] The motion was denied. Mosley v. United States, No. 4:02cv63 (E.D. Tex. July 9, 2003) (Resp't Ex. 3, 4.) The Texas district court and the Fifth Circuit denied his applications for a certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari. Mosley v. United States, No. 03-41034 (5th Cir. Mar. 22, 2004), cert. denied, 125 S. Ct. 157 (2004) (See Resp't Ex. 2 at docket entries #23, #24).

In this § 2241 petition, Petitioner advances the following argument: his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated based on the United States Supreme Court decisions of In re Winship, 397 U.S. 358 (1970); Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 124 S. ct. 2531 (2004); Booker v. United States, 125 S. Ct. 738 (2005); and Shepard v. United States, 125 S. Ct. 1254 (2005). Specifically, he argues that the sentencing judge illegally determined, using a preponderance of the evidence standard, the amount of drugs attributable to him, as well as his criminal history category, when the above-cited cases require that a criminal sentence be based only on facts admitted by the defendant or found by the jury beyond a reasonable doubt. He says that, because of the judge's determinations, his sentencing exposure was increased by ten years. He contends that his sentence should be declared invalid.

---

[2] Respondent's exhibits are not numbered; therefore, the exhibits will be referenced in the order in which they are attached to the motion.

Respondent argues that Petitioner's claims are not properly brought in a § 2241 petition.  Petitioner is incarcerated in this judicial district, but this is not the district where his conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S. Ct. 2984 (2005); see § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated.  Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); DeSimone, 805 F.2d at 323; Cain v. Petrovsky, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

In this case, Petitioner's claims clearly are challenging the validity of his conviction and sentence and thus should have been directed to the Texas district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit).  Petitioner apparently did not assert these particular claims in his direct appeal or in his 28 U.S.C. § 2255 proceedings.  There is no evidence or allegation that Petitioner has sought permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion.  See § 2255 ¶ 8 (successive motion may be allowed if court of appeals certifies

that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Instead, he now seeks recourse through a § 2241 habeas petition in this Court.

A petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255 ¶ 5. Because the sentencing court has already "denied him relief" and he has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain Petitioner's § 2241 petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. Abdullah, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied, 537 U.S. 869 (2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. Abdullah, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. Id.

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been raised in a direct appeal or a timely § 2255 motion in the sentencing district. Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); Perez, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal"). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction. Abdullah, 392 F.3d at 963.

Petitioner, whose § 2255 proceedings were completed in 2004, could have raised in his direct appeal or § 2255 proceedings any arguments based on Winship[3] (a 1970 case) and Apprendi[4] (a 2000 case). He chose not to do so. This Court, therefore, lacks subject matter jurisdiction to consider these cases as a basis for his current § 2241 habeas claims. Abdullah, 392 F.3d at 964.

---

[3] Winship held that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364.

[4] Apprendi held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Furthermore, although Blakely[5] and Booker[6] were decided after expiration of the time for filing or appealing a § 2255 motion, Petitioner has made no attempt to use them as a basis for seeking permission from the Fifth Circuit Court of Appeals to proceed with a successive § 2255 motion.  In any event, it is now clear – in the Fifth *and* the Eighth Circuits – that the rules announced in Blakely and Booker do not apply retroactively to criminal convictions that became final before those decisions and thus cannot benefit movants in collateral proceedings.  Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (successive § 2255 motion); In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005) (successive § 2255 motion).

Petitioner contends that his inability to raise these issues in a § 2255 motion renders the § 2255 remedy inadequate, thereby permitting recourse to § 2241.  However, § 2255 is not an inadequate or ineffective remedy "simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively."  Perez, 286 F.3d at 1062.  The impediment is not § 2255, but rather the new doctrine's non-retroactivity.  Id.  Therefore, the Eighth Circuit has held that an Apprendi-type claim cannot be raised in a § 2241 petition due to the unavailability of the § 2255 remedy.  Id.  The Court noted that, if in the future the Supreme Court were to make Apprendi's new rule retroactive, § 2255 relief might then be available.  Id.; see § 2255 ¶ 8.  The same rationale

---

[5] Blakely held that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  124 S. Ct. at 2537.

[6] Applying Apprendi and Blakely, Booker held that the Constitution is violated by the imposition of an enhanced sentence under the federal sentencing guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.  125 S. Ct. at 755-56.

applies to claims based on Blakely and Booker, as extensions of Apprendi. See also Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (§ 2241 petitioner cannot rely on Blakely or Booker to attack § 2255's effectiveness because the Supreme Court has not held either decision to be retroactively applicable); Rizvi v. Jeter, No. 05-1314 (8th Cir. Apr. 8, 2005) (summarily affirming denial of § 2241 petition because Apprendi/Blakely/Booker issues are not retroactive) (Resp't Ex. 1).

Therefore, unless and until the Supreme Court rules that Blakely or Booker applies retroactively to past criminal convictions, Petitioner may not raise a claim based on those decisions in a second § 2255 motion or a § 2241 habeas petition.

Neither the Supreme Court, the Eighth Circuit nor the Fifth Circuit has determined whether Shepard operates retroactively. See Wall v. United States, 2005 WL 2429893, *25 (D. Me. Oct. 3, 2005) (citing cases and stating that "there is a growing chorus in the District Courts that Shepard, like Booker, is a new procedural rule that is not retroactive to cases on collateral review"). As with his other claims, the absence of a declaration of retroactivity as to Shepard does not render § 2255 an inadequate remedy.

In any event, it does not appear that Shepard could have any affect on Petitioner's sentence. Shepard involved what a court may and may not consider in determining whether a criminal defendant's prior convictions qualify as predicate offenses for application of the Armed Career Criminal Act. This does not apply to Petitioner. Courts have long considered prior criminal history as a sentencing factor for the court rather than a fact issue for the jury, Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998); and that principle was reaffirmed by the Supreme Court in Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536; and Apprendi, 530 U.S. at 490. Despite a dissent by one

7

justice, Shepard did not overrule Almendarez-Torres or otherwise alter the rule that a court may consider prior criminal history as a sentencing factor. See United States v. Johnson, 408 F.3d 535, 540 (8th Cir. 2005).

In summary, Petitioner has not demonstrated that the § 2255 remedy is an ineffective or inadequate vehicle to test the legality of his convictions and sentences. See Hill, 349 F.3d at 1092-93. He is not entitled to proceed under § 2241 because he did not or could not raise his current claims in his direct appeal or his § 2255 proceedings, or because he believes any further attempts at obtaining relief from the Texas district court or the Fifth Circuit would be futile.

Accordingly, Respondent's motion to dismiss (docket entry #3) is GRANTED, thereby dismissing this 28 U.S.C. § 2241 petition for writ of habeas corpus in its entirety without prejudice.

IT IS SO ORDERED this 28th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE